GORSUCH, Circuit Judge,
concurring in the judgment.
Fourth Amendment excessive force claims require us to ask “whether the officers’ actions are objectively reasonable” in light of three factors. Graham v. Connor, 490 U.S. 386, 396-97, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). In Section II.A.2 of its opinion, the majority explains how each of these factors suggests that the officers may not have acted reasonably in their arrest of Mr. Fisher. In Section II.B, the majority demonstrates that the law the officers allegedly violated was clearly established at the time of their actions. The result, of course, is that Mr. Fisher has stated a triable claim for a jury to resolve. With all of this, I concur.
In Section II.A.3, however, the majority takes a detour, asking whether, in addition to satisfying all three Graham factors, Mr. Fisher has also shown that he suffered a “non — de minimis injury.” Previously, we have required proof of some such injury only in cases involving allegations of overly tight handcuffing, and we have done so only to fill a small analytical void that Graham left open. See Cortez v. McCauley, 478 F.3d 1108, 1129 (10th Cir.2007) (en banc).[1] Indeed, it was common ground shared by every member of the en banc court in Cortez that, outside the context of a claim alleging overly tight handcuffing, proof of injury is not essential to an excessive force claim. See id. at 1129 n. 24 (holding with respect to Tina Cortez, who was not handcuffed, that “proof of physical injury ... is not an essential element”); id. at 1147 (Gorsuch, J., concurring in part and dissenting in part) (noting with respect to Tina Cortez that “the circumstances of an encounter ... may themselves be so outrageous as to demonstrate excessiveness” without any evidence of a consequent injury). In discussing the injury requirement in Cortez, we carefully explained that the relevant issue with respect to Rick Cortez’s tight handcuffing claim was “whether the failure to adjust Rick Cortez’s handcuffs during an arrest constitutes excessive force,” and held narrowly that “unduly tight handcuffing can constitute excessive force where a plaintiff alleges some actual injury from the handcuffing and alleges that an officer ignored a plaintiffs timely complaints (or was otherwise made aware) that the handcuffs were too tight.” Id. at 1129 (emphases added).[2]
*903 Mr. Fisher, however, doesn’t complain that he was handcuffed too tightly — in fact, he doesn’t complain about being handcuffed at all. Instead, he argues that, before he was handcuffed, officers unreasonably manhandled him, despite knowing that he posed no threat, was not resisting or evading arrest, and was gravely injured. The court today nonetheless extends the non — de minimis injury requirement to this case, explaining that the requirement now applies not just to cases alleging overly tight handcuffing, but also to cases where force is applied “in the course of applying handcuffs.” Maj. Op. at 897.
This holding seems to me at once both more and less than we need to say. It is more than we need to say because, whether or not an injury requirement pertains in these circumstances, the majority tells us that Mr. Fisher has met it and that his claim thus survives summary judgment. Under the majority’s own analysis, then, resolving whether and to what extent the injury requirement extends beyond claims alleging overly tight handcuffing isn’t necessary to the resolution of this appeal. We could have simply assumed without deciding the injury requirement’s application to this case. Judicial restraint usually means answering the questions we must, not those we can.
At the same time, the majority’s holding seems to me less than we need to say because the idea of extending the injury requirement raises a number of important questions that the parties in this case have not addressed and that, left unaided by them, we would do well to avoid. By way of example, in Buck v. City of Albuquerque, 549 F.3d 1269, 1278, 1290 (10th Cir.2008), Denis Doyon did not resist arrest, but was pushed face down onto the pavement, kneed in the small of his back, pinned to the ground, handcuffed, and then exposed to tear gas while handcuffed. See Maj. Op. at 898-99 n. 6. Most, if arguably not all, of Mr. Doyon’s excessive force claim concerned the force officers applied “in the course of handcuffing,” yet we permitted it to proceed without any showing of injury. How are we to reconcile our decision today with Buck: are we to suppose that the appropriate Fourth Amendment test really turns on what percentage of a plaintiffs excessive force claim involves what transpired during the course of the handcuffing process? District courts and future panels of this court are left to figure all this out.
Even more fundamental questions still lurk here. How are we to square our opinion today with Cortez’s admonition that “proof of physical [or emotional] injury ... is not an essential element of an excessive force claim”? 478 F.3d at 1129 n. 24. And how do we reconcile it with the Fourth Amendment’s plain language, which condemns all unreasonable seizures? Or the Supreme Court’s admonition in Graham that whether a seizure is unreasonable turns on an objective assessment of the officers’ conduct, not on subjective factors like a particular plaintiffs susceptibility to injury? Are we certain that the Fourth Amendment really prefers, as an injury requirement might, eggshell plaintiffs over more resilient individu *904 als? Or that the fortuity of whether an officer chooses to deploy handcuffs should determine the quantum of evidence a plaintiff must marshal to prove a constitutional violation? Most pointedly of all, how can we explain that free citizens must prove injuries to prevail on excessive force claims under the Fourth Amendment in light of the Supreme Court’s and our own refusal to require convicted felons to prove injuries to prevail on similar claims under the Eighth Amendment? See Hudson v. McMillian, 503 U.S. 1, 7, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992); United States v. LaVallee, 439 F.3d 670, 688 (10th Cir.2006). Does the Constitution really prefer imprisoned criminals over everybody else? To say these questions, unbriefed and unargued by the parties before us, are perplexing is to put it mildly. I, for one, would steer clear of this thicket until the case before us requires us to enter it and the parties’ arguments can help us steer our way through. For these reasons and with these caveats, I concur in the judgment.

. As we recognized in Cortez, Graham offers little guidance in tight handcuffing cases because police officers almost always may use handcuffs in the course of a lawful arrest, regardless of the severity of the crime, the dangerousness of the suspect, or any attempts at flight — Graham's three factors. See Cortez, 478 F.3d at 1128. At the same time, we have acknowledged, it is possible to apply handcuffs so tightly, even in an otherwise lawful arrest, that it rises to the level of objectively unreasonable, or excessive, force. Because, we have held, tight handcuffing claims aren’t foreclosed just because Graham's factors do not speak to them, and mindful of Graham's admonition that its factors were never meant to be exhaustive, we, like other circuits, have fashioned a test to identify when the otherwise lawful application of handcuffs constitutes force that a reasonable jury could find objectively unreasonable.

. To be sure, with respect to Tina Cortez, we suggested that a non-de minimis injury may be probative evidence of excessive force. See Cortez, 478 F.3d at 1132. But no one in Cortez suggested that a non — de minimis injury is required for excessive force claims other *903 than those alleging overly tight handcuffing. See id. at 1131 ("Physical contact is not required for an excessive force claim — patently unreasonable conduct is.”); id. at 1147 (Gor-such, J., concurring in part and dissenting in part) ("[WJhere the facts surrounding a seizure are not themselves patently excessive ..., more than a de minimis injury is required to suggest that the force used was excessive.”). When it came to Tina Cortez, the Cortez majority and dissent only disagreed about whether, in the aggregate, she had adduced sufficient probative evidence of excessive force to overcome the officers' qualified immunity.